IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Fulton, | Criminal No.: 3:14-cr-00554-JMC-1 |
| Petitioner, | |
| v. | AMENDED ORDER AND OPINION[1] |
| United States of America, | |
| Respondent. | |

This matter is before the court on Petitioner Theodore Fulton's *pro se* Motion to Vacate, pursuant to 28 U.S.C. § 2255 (ECF No. 914), and the Government's Motion to Dismiss (ECF No. 932). For the reasons stated herein, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 914) and **DENIES** as moot the Government's Motion to Dismiss (ECF No. 932).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2014, Petitioner was indicted for one count of conspiracy to unlawfully possess with intent to distribute and to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) and two counts of knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing a quantity of oxycodone within 1000 feet of a school in violation of 21 U.S.C. § 860(a). (*See* ECF No. 1.) On January 5, 2015, Petitioner pled guilty to Count One of the Superseding Indictment (ECF No. 182). (ECF No. 343.)

In December 2015, Petitioner substantially assisted the Government by testifying during the prosecution of other persons involved in the conspiracy. (ECF No. 855 ¶ 8.) Because of Petitioner's cooperation, the Government moved for a sentence reduction based upon substantial assistance to the Government. (ECF No. 716.)

---

[1] The court is entering this Amended Order and Opinion to correct erroneous dates for sentencing and entry of judgment found on page 3.

1

On January 9, 2017, Petitioner was sentenced to 110 months in prison (ECF No. 856).

On January 29, 2018, Petitioner filed this Motion To Vacate (ECF No. 914), which he supplemented with a Memorandum in Support on May 3, 2018 (ECF No. 926).[2] On June 4, 2018, the Government filed a Response in Opposition (ECF No. 931) and a Motion to Dismiss (ECF No. 932).[3] Petitioner replied to the Government's Response (ECF No. 933) and filed a Response in Opposition to the Motion to Dismiss (ECF No. 936).

## II. LEGAL STANDARD

A prisoner in federal custody and under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving the grounds for the attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when "it plainly appears from the motion, any attached exhibits, and the record of prior proceeding, that the moving party is not entitled to relief." 28 U.S.C. § 2255(b).

Pursuant to 28 U.S.C. § 2255, a one-year period of limitation applies to a motion to vacate. § 2255(f). The limitation period begins with the latest of:

---

[2] Petitioner filed for an extension of time to file his memorandum in support (ECF No. 915), which the court granted (ECF No. 919); so Petitioner's Memorandum was timely and will be considered by the court.

[3] The Government filed for an extension of time to file its Response (ECF No. 927), which the court granted (ECF No. 928), so the Government's Response was timely.

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4).

Petitioner is a *pro se* litigant, so the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding a *pro se* plaintiff's "inartful pleadings" may be sufficient to provide the opportunity to offer supporting evidence).

### III. ANALYSIS

Petitioner was sentenced on January 4, 2017 (ECF No. 852), and judgment was entered on January 9, 2017 (ECF No. 856). Under §2255(f), the one-year period of limitations began on January 9, 2018.[4] Petitioner filed his Motion on January 29, 2018 (ECF No. 914), outside of the

---

[4] Of the four events in §2255(f), the entry of judgment in this case is the latest to occur. Judgment was entered on January 9, 2017. (ECF No. 856.) Petitioner does not assert a right initially recognized by the Supreme Court after the entry of judgment, so § 2255(f)(3) is inapplicable. The facts supporting Petitioner's claim of ineffective assistance of counsel were discoverable at the time of Petitioner's sentencing on January 4, 2017, which is before the entry of judgment, so § 2255(f)(4) is also inapplicable. That leaves only § 2255(f)(2). In his Motion, Petitioner explains that his Motion was outside of the one-year period because "our camp (prison) has been in some form of lock down for most of 2017. Specifically the past 60 days have been on full lock down making the preparation of this motion impossible." (ECF No. 914 at 11.) Prison lock down is not an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States. *United States v. Cherry*, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) ("Second, [Petitioner]'s claim that he was on lockdown does not salvage his request. A review of decisions addressing whether lack of access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of habeas proceedings undermines [Petitioner]'s position.") (citing *Hooks v. United States*, No. 4:04–640, 2010 WL 558634 (D.S.C. Feb. 10, 2010) (denial of access to legal materials and lockdown insufficient bases for equitable tolling); *United States v. Johnson*, No. 7:08-cr-00024–1, 2010 WL 348015, at n.3 (W.D. Va. Jan. 28, 1020) ("Where a

3

one-year period. Therefore, Petitioner's Motion is untimely.

## IV. CONCLUSION

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court **DENIES** Petitioner's Motion to Vacate (ECF No. 914) and **DENIES** as moot the Government's Motion to Dismiss (ECF No. 932).

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 7, 2018
Columbia, South Carolina

---

petitioner claims that a transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling."); *Murphy v. United States*, No. 5:08–CV–534, 2009 WL 2579648, at *3 (E.D.N.C. Aug. 17, 2009) ("[C]ourts have held that lack of access to legal materials while in prison and the lock-down status of a prison preventing access to legal materials are not reasons for a court to invoke equitable tolling. Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling.")). As a result, § 2255(f)(2) is also inapplicable.