IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal No.: 3:14-cr-00554-JMC-1 |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Theodore Fulton, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Theodore Fulton is a prisoner currently serving a sentence of one hundred and ten (110) months in the Bureau of Prisons ("BOP"). (*See* ECF No. 856.)

This matter is before the court pursuant to Fulton's second Motion for Appointment of Counsel. (ECF No. 964.) Specifically, Fulton moves the court to assign him a federal attorney "for the purpose of making a motion to the court for modification to [his] sentence" because he is unable to afford counsel. (*Id*. at 1.) For the reasons set forth below, the court again **DENIES** Fulton's Motion for Appointment of Counsel. (ECF No. 964.)

While "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), "there is no absolute right to appointment of counsel." *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009). The court has discretion over whether to appoint counsel and should only do so "where the case . . . presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). "'The existence of such circumstances will turn on the quality of two basic factors–the type and complexity of the case, and of the abilities of the individuals bringing it.'" *Id*. (quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). *See also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) (explaining that exceptional circumstances exist when a "pro se litigant has a colorable claim but lacks the capacity to present

it.").

In analyzing Fulton's request for a court-appointed attorney, the court turns to the first factor–the type and complexity of the case. The instant Motion is Fulton's second *pro se* request for appointment of counsel.[1] The court previously denied a Motion to Appoint Counsel by Fulton, who asserted that he needed counsel to help him file a motion to modify his sentence.[2] (*See* ECF Nos. 952, 956.) The court reasoned that Fulton had capacity to present his claim because he had already filed a *pro se* Motion with the court requesting modification of his sentence to twelve (12) months of home confinement (ECF No. 955). (ECF No. 956 at 1–2.) The court subsequently denied Fulton's Motion requesting home confinement on June 18, 2020, stating "the BOP is in the best position to evaluate whether Defendant qualifies for placement in home confinement or a halfway house." (ECF No. 959 at 2.)

Presuming that Fulton seeks to assert different facts relating to his pursuit of a modification of his sentence, Fulton has neither proffered such facts for the court's consideration of the instant Motion nor demonstrated that his case contains complex facts or issues that exceed his capacity as a layperson to coherently litigate those claims himself. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) ("The question is not whether a lawyer would present the case more effectively than the pro se plaintiff . . . . Rather, the question is whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the

---

[1] Because Fulton brings his claim *pro se*, his claim is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In other words, such a pleading is held to a less stringent standard than that drafted by an attorney, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and "[t]he court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim." *United States v. Rosemond*, No. 08-1015, 2010 WL 1160639 at *1 (D.S.C. Dec. 10, 2010).

[2] Fulton filed his first Motion for Appointment of Counsel on August 16, 2019 (ECF No. 952), and the court denied his Motion for Appointment of Counsel on May 19, 2020 (ECF No. 956).

2

judge or jury himself."). Besides, "although due process mandates the appointment of counsel for certain post-conviction proceedings, . . . a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category."[3] *United States v. Johnson*, No. 02-579, 2010 WL 9109365, at *1 (D.S.C. Feb. 1, 2010) (citing *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000)). Accordingly, Fulton provides no assertion of a colorable claim that would necessitate the court's appointment of counsel on Fulton's behalf for the purpose of filing a motion requesting a modification of his sentence.

The court then considers whether the abilities of the individual bringing the claim present exceptional circumstances to warrant an appointment of counsel on his behalf. "There are no fixed requirements for determining a plaintiff's competence to litigate his own case." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Courts may consider a variety of factors in its inquiry that is particularized to the individual and case before the court, such as the plaintiff's literacy, communication skills, education level, litigation experience, and evidence in the record bearing on the plaintiff's intellectual capacity and psychological history. *Id*.

Here, Fulton has neither asserted nor does the record demonstrate his inability to effectively investigate and present his claims without the assistance of counsel. Fulton only proffers that his request is before the court due to his inability to afford counsel, which is insufficient to justify the court's appointment of counsel on his behalf. "To be sure, poverty . . . [is] [a] circumstance[] encountered by many prisoners who are nonetheless capable of filing [] petitions without the assistance of counsel." *Dire v. United States*, 990 F. Supp. 2d 583, 586 (E.D. Va. 2013) (discussing specifically a defendant's request for appointment of counsel to file 28 U.S.C. § 2255 petitions).

---

[3] While Fulton does not specifically cite his claim under 18 U.S.C. § 3582, the court presumes that a request for modification of sentence generally falls under the sentence modification provisions of § 3582(c).

3

Moreover, Fulton has already showcased his ability to present claims to the court. As the court previously asserted in its May 19, 2020 Order denying his initial Motion for Appointment of Counsel, Fulton has demonstrated the ability to bring the same motion as a *pro se* litigant that he aspired a court-appointed federal attorney to file on his behalf, which shows that he has the capacity to present his claim. (ECF No. 956 at 1–2.)

The record also provides no exceptional reasons that Fulton otherwise lacks the legal capacity to litigate his claims at this time. Fulton graduated from high school in 1973 and pursued some college education in the Tool and Dye Machinist trade between 1973 and 1974. (*See* ECF No. 855 at 34 ¶¶ 131–32.) From 1975 to 1978, Fulton worked as a warehouse worker, and from 1978 until his retirement in 2009, Fulton worked as a Mental Health Specialist with the South Carolina Department of Mental Health–specifically interacting with children with behavioral problems. (*Id*. ¶¶ 134–36.) While Fulton struggles with some underlying physical and mental health issues, specifically chronic pain and anxiety, he has received medication and treatment for those conditions. (*Id*. at 33 ¶¶ 128–29.) Besides, there is no indication that his education or health conditions inhibit Fulton's capability to represent himself in such a matter before the court. In fact, Fulton's extensive work experience, specifically his years of mental health work with children with behavioral problems, indicates otherwise. Accordingly, the court is unable to find that Fulton presents exceptional circumstances warranting the appointment of counsel.

For the foregoing reasons, the court **DENIES** Theodore Fulton's second Motion for Appointment of Counsel. (ECF No. 964.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 6, 2021
Columbia, South Carolina